UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLARENDON NATIONAL INSURANCE COMPANY | CIVIL ACTION NO. 05-1939 |
| versus | JUDGE STAGG |
| LUFKIN INDUSTRIES, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Lufkin Industries, Inc. removed this case based on an assertion of diversity jurisdiction. The allegations with respect to the citizenship of the parties appear to be in order. With respect to the amount in controversy, however, Lufkin merely alleged: "Although plaintiff fails to itemize its damages, there is no dispute that the matter in controversy exceeds the sum or value of $75,000."

The underlying petition indicates that the claim arises from "severe" but unspecified bodily injuries suffered by Michael Smith when he fell through a trailer. The plaintiff insurance company allegedly paid some amount of money to settle litigation that arose from the injuries, and it filed this action against Lufkin for indemnity or contribution based on alleged modifications that Lufkin made to the trailer when it was in its possession.

The court has an independent duty to ascertain that it has subject matter jurisdiction over a civil action. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). "There is a presumption against subject matter jurisdiction that must be rebutted by the party

bringing an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). In a removed case, the removing defendant has the burden of showing that the amount in controversy element of diversity jurisdiction is satisfied. In determining whether the defendant has met that burden, the court may look to the plaintiffs' pleadings to see whether it is facially apparent that the claims are for more than $75,000. The removing attorney may also support jurisdiction by setting forth the facts in controversy, either in the notice of removal or by affidavit, that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

Lufkin will be permitted until **February 17, 2006** to file an Amended Notice of Removal to set forth additional *facts* that it believes are adequate to satisfy its burden. Absolute precision with respect to the amount at issue is not required, but a mere suggestion that the parties do not dispute that the amount in controversy exceeds $75,000 is insufficient. Subject-matter jurisdiction cannot be created by waiver or consent of the parties. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir.2001). The removing party must point to or articulate facts from which the court can decide whether more than $75,000 is in controversy.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 25th day of January, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE